# Frick's Appeal.

A. made a deed absolute to B. The latter executed a declaration of trust, wherein it was acknowledged that the money to be paid by B. to A. was the proper money of certain creditors of A. *Held*, that this declaration of trust was not in the nature of a defeasance, and did not, with the deed, constitute a mortgage, and the deed having been recorded, although the declaration of trust was not, the deed was not to be postponed to a judgment-creditor of a subsequent date.

June 18th 1878. Before AGNEW, C. J., GORDON, PAXSON, WOODWARD and TRUNKEY, JJ. SHARSWOOD and MERCUR, JJ., absent.

Appeal from the Court of Common Pleas of *Union county:* Of May Term 1878, No. 91.

Appeal of Henry Frick and others, from the decree of the court

in the matter of the distribution of the fund arising from the sheriff's sale of the real estate of John H. Beale.

The fund arose from a sale upon a levari facias on mortgage of Hugh P. Sheller, against John H. Beale, under which certain real estate situate in the borough of Lewisburg, was sold by the sheriff on the 2d day of December 1876. As to part of the real estate sold, the terms not being complied with by the purchaser, there was a return made to that effect, and an alias levari facias was subsequently issued, returnable to February term 1877. This writ was afterwards, however, stayed, some arrangement being made by which the property was taken by the purchasers at the sheriff's sale. The court confirmed the sale to them, and on the 24th day of May 1877, the sheriff paid the fund into court.

The balance claimed as applicable out of the present fund in order to satisfy the mortgage of H. P. Sheller was the sum of $1138.57, and as there was no controversy with regard to this amount, it was allowed by the auditor, and was to be paid out of the fund.

The application of the remainder of the fund was a subject of dispute. It was contended on one hand that it should go to certain parties intended to be secured by a deed of conveyance, dated January 22d 1876, from John H. Beale and Mary T. his wife, to Henry Frick, for the consideration of $4250, which deed was recorded July 26th 1876, and which, though absolute on its face, it was claimed was really a mortgage.

On the other hand it was contended by Sheller that his judgments No. 190, May term 1876, and 191, May term 1876, against said John Beale, both of which judgments were entered on the 27th day of July 1876, should at least receive a *pro rata* amount of the fund in court.

From the testimony before the auditor, the following facts appeared:

Prior to the execution of the deed spoken of Henry Frick, the grantee, met A. H. Dill, Esq., upon the street, and after remarking that both Mr. Dill and himself were endorsers for Beale, inquired whether, if Beale made a deed to him to secure his endorsers, the same would be a valid security for them, to which Mr. Dill gave an affirmative answer. The deed was subsequently made and was delivered by Beale to Frick at Beale's store, in the presence of, and after the deed had been inspected casually by, Mr. Dill. Upon delivering it Beale stated to Frick the purpose for which the deed was made. At the time the deed was made Beale told Frick that its purpose was to secure the endorsements; the endorsers meant being Henry Frick, Philip Billmyer, A. H. Dill, and Thomas Reber. Some endorsements were upon notes in bank, which had been renewed from time to time, and other endorsements were for money borrowed from Charity Lodge, A. Y. M. At the time the deed was made the consideration therein expressed appears to have

been about the aggregate amount of the endorsements. The deed is dated January 22d 1876, from John H. Beale and Mary T., his wife, to Henry Frick, of a certain two-story brick dwelling and lot of ground in Lewisburg, for the consideration of $4250; was acknowledged on the 22d day of January 1876, and recorded on the 26th day of July 1876.

The financial difficulties of Beale continuing, on the evening of the 26th day of July 1876 there was a meeting of his endorsers, Beale and Sheller, at the law office of Messrs. Linn & Dill in Lewisburg. Those present were Philip Billmyer, Henry Frick, Thomas Reber, John H. Beale, H. P. Sheller, A. H. Dill and J. M. Linn. The deed had been placed upon record on the morning of this same day, and at this meeting Frick declared, in the hearing of Sheller and of all present, that he held the deed for the security of Philip Billmyer in one endorsement; of Henry Frick in two endorsements; of Henry Frick and Thomas Reber in one endorsement, which was for money borrowed from Charity Lodge; of Thomas Reber in one endorsement; and also for the security of Messrs. Linn & Dill, in a collection wherein they had become liable, and that it was also held for the security of. A. H. Dill in one endorsement.

From the evidence it did not appear that Sheller made any objection to the statement of Frick as to how the deed was held. At this meeting Sheller handed over to Messrs. Linn & Dill, as his attorneys, a judgment-note against John H. Beale, dated September 10th 1869 for $3500. There were also two other judgment obligations written, one for Sheller of $1443.88, consolidating two claims he held against John H. Beale, and another for the endorsers, including also the claim of Messrs. Linn & Dill. This latter judgment obligation was for the sum of $3807.63.

On the next day, July 27th 1876, these judgment obligations were duly entered by Messrs. Linn & Dill, as the attorneys for the respective plaintiffs, in the Court of Common Pleas of Union county. On July 27th 1876 a trust deed was made by Henry Frick to Philip Billmyer and others, which reads as follows:

"To all persons to whom these presents shall come: I, Henry Frick, of the borough of Lewisburg, county of Union and state of Pennsylvania, send greeting. Whereas, by indenture of John H. Beale and wife, bearing date the 22d day of January 1876, and made between John H. Beale, of the borough of Lewisburg, county of Union and state of Pennsylvania, and Mary T., his wife, of the first part, and me, the said Henry Frick, of the same place, of the second part, they, the said John H. Beale and Mary T., his wife, for and in consideration of $4250, therein mentioned to have been paid to them by me, the said Henry Frick, have granted, bargained, or did grant, bargain and sell all that certain two-story brick dwelling or tenement [here follows description of the property]. Now

know ye that I, the said Henry Frick, do hereby acknowledge and declare the said sum of $4250, above-mentioned, to be paid unto the said John H. Beale and wife by me, the said Henry Frick, as aforesaid, was and is the proper money of the Lewisburg National Bank of Lewisburg, Pa.; the First National Bank of Mifflinburg, of Mifflinburg, Pa.; Philip Billmyer, of Lewisburg, Pa.; Charity Lodge, No. 144, A. Y. M., of Lewisburg, Pa.; A. H. Dill, of Lewisburg, Pa., and Thomas Reber, of Lewisburg, Pa., and the name of the said Henry Frick in the said indenture of John H. Beale and wife, bearing date the 22d day of January 1876, is only in trust for them, their executors, administrators and assigns or successors, and that I, my heirs or assigns, shall at any time or times hereafter, upon the requests and at the proper costs ,and charges of the said Lewisburg National Bank, &c., their executors, administrators, assigns or successors, convey by a good and sufficient deed the said premises so bargained and sold unto me, the said Henry Frick, as aforesaid, together with all my estate, right, title and interest thereunto in such manner as by them, the said Lewisburg National Bank, &c., their executors, administrators, assigns or successors shall be reasonably required. In witness whereof I have hereunto set my hand and seal this 27th day of July 1876.                    HENRY FRICK, [L. S.]"

Said trust deed was duly acknowledged July 27th 1876, and was recorded August 7th 1876.

The judgments confessed by John H. Beale to Sheller were based upon debts contracted prior to January 22d 1876, and such was also the case as to the judgments confessed to the endorsers.

The finding of the auditor, which will be found in substance stated in the opinion of this court, was overruled by the court, and from this decree this appeal was taken.

*Linn & Dill* and *George F. Miller & Sons,* for appellants.

*William Jones* and *William Van Gezer,* for appellees.

Mr. Justice PAXSON delivered the opinion of the court, June 25th 1878.

The auditor found that the deed from John H. Beale to Henry Frick, dated January 22d 1876, was a mortgage, for the reason that it was accompanied with a defeasance, which was not placed upon record until after the judgment of Mr. Sheller had been entered. This, without more, would have brought the case within the rule laid down in Friedley *v.* Hamilton, 17 S. & R. 70, and followed uniformly since, that an absolute deed and defeasance, made at the same time, constitute a mortgage; and if the defeasance be not recorded, it is to be considered as an unrecorded mortgage and post-

poned to a judgment-creditor of a subsequent date, notwithstanding the absolute deed has been duly recorded. But the auditor also found that Sheller, the judgment-creditor, had notice of the true character of the deed before he entered his judgment. He therefore excluded Sheller from participating in the residue of the fund after the payment of the paramount mortgage, and gave it to the endorsers and parties interested in the deed. The court below reversed the auditor upon exceptions, and allowed Sheller to come in *pro rata* with the parties above referred to, for the reason that even if Sheller had notice of the true character of the deed when he entered up his judgment, he had not such notice at the time the debt was contracted.

We do not think it necessary to discuss this question, as we are of opinion there was not sufficient evidence in the case to establish the defeasance. The deed of January 22d 1876 is absolute upon its face. The paper executed by Frick on July 27th 1876 is a declaration of trust, and lacks every essential element of a defeasance. This was conceded by the auditor. He says: "The defeasance is not to be found in the deed dated July 27th 1876, and recorded August 7th following, but rests in parol, and began to exist as soon as the deed from John H. Beale to Henry Frick came into existence." The auditor was evidently misled as to the true character of the transaction by the statement of some of the witnesses that Frick, the grantee, had declared that the deed was given "to secure the endorsers." There is no doubt it was given with a view to the security of the endorsers, but not in the sense of a trust in which Beale, the grantor, was to have any future or resulting interest. The consideration named in the deed was the precise amount of the endorsements, and was as much as the property was worth at a full valuation. The testimony of Beale, the grantor, is explicit upon this point. He says: "The character of the deed was that the property was to be sold and the proceeds go into bank to lift the notes these men were endorsers for. There was nothing said about what was to be done with the property in case I paid the notes on which these men became endorsers; I never took that into consideration. I knew that I had not the means to pay the notes. If Mr. Frick paid the notes the property was to be his."

We are of opinion that the deed of January 22d was an absolute conveyance, qualified by the subsequent declaration of trust, and that having been recorded prior to the entering of Sheller's judgment, Sheller has no right to receive any portion of the residue of the fund.

> The decree is reversed, and it is ordered that the fund be distributed as reported by the auditor. The costs of this appeal to be paid by the appellee.